Oliver Gebo, as Guardian ad Litem of Vernon Gebo, an Infant under the Age of Fourteen Years, Respondent, Appellant, *v.* Joseph Glenn Findlay, Respondent, Impleaded with Earl Beagle, Appellant.

Fourth Department, May 10, 1939.

*Daniel F. Mathews*, for the respondent, appellant.

*David B. Sugarman* [*Herbert Plaut* and *Harold Davis* with him on the brief], for the appellant Beagle.

*Walter F. Martineau* [*Donald V. Carr* with him on the brief], for the respondent Findlay.

Lewis, J. The infant-plaintiff — a boy twelve years of age — after alighting from a school bus ran in front of it, across the highway and into the path of an on-coming automobile which was overtaking the bus on its left side. Upon the trial of an action brought in behalf of the infant a jury has awarded damages in his favor against the defendant Beagle, the owner and operator of the school bus, and has exonerated the defendant Findlay, the owner and driver of the car which struck the infant. The defendant Beagle appeals from the judgment rendered against him; the plaintiff appeals from the judgment which exonerates the defendant Findlay.

At the outset we must consider an incident of the trial which we believe was prejudicial to the defendant Beagle's rights. During the impaneling of the jury plaintiff's counsel had addressed to juror No. 2 a question, permitted by section 452 of the Civil Practice Act, as to whether he was a shareholder or in any manner interested in an insurance company issuing policies for protection against liability for damages for injuries to persons or property. Having completed the examination of that juror and passed to the next member of the panel, juror No. 2 interrupted the examination with the statement that his business was conducted from an office in which insurance was sold. He added, however, that he had no interest himself in selling insurance. Upon hearing that statement counsel for plaintiff — according to his brief now before us — asked juror No. 2 " whether he would be interested in protecting the rights of an insurance company." The right to challenge the propriety of this inquiry is preserved to the defendant Beagle by an exception taken to the trial court's denial of a motion to withdraw a juror and for the declaration of a mistrial.

We are not concerned here with the legislative purpose which authorized the inquiry outlined in section 452 of the Civil Practice Act. We are concerned, however, when the examination thereby permitted goes so far beyond statutory limits as to carry to the jury the implication that liability, if any, of a defendant is covered by casualty insurance. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479, 489, 490; *Rodzborski* v. *American Sugar Refining Co.*, 210 id. 262, 267, 269; *Hoyt* v. *Davis Mfg. Co.*, 112 App. Div. 755, 759; *Hordern* v. *Salvation Army*, 124 id. 674, 676, 677; *Rothenberg* v. *Collins*, 161 id. 387, 391, 393; *O'Brien* v. *Hencken & Willenbrock Co.*, 172 id. 142, 143, 145.)

A defendant's liability in a negligence action must rest solely upon fault for which he is legally responsible — uninfluenced by the fact that he has seen fit, for his own protection, to contract with a third party to insure himself against loss resulting from his own negligence. In the case at hand the question whether the conduct of the defendant Beagle constituted actionable negligence was close — so close in fact that we cannot say the jury's verdict against him was not influenced by the suggestion of insurance clearly implied and quickly to be sensed from the question addressed by plaintiff's counsel to the single juror within the hearing of the entire panel. The risk thus assumed of jeopardizing any verdict which might be awarded to the plaintiff leads now to our reversal of the judgment against the defendant Beagle and to a new trial which is granted to that defendant in justice to his rights which we believe were prejudiced. " The true interest of a client is rarely advanced by a verdict resting on error." (VANN, J., writing in Simpson v. Foundation Co., supra, p. 484.)

Believing the verdict in favor of the defendant Findlay to be against the weight of evidence, we also conclude that the judgment and order denying plaintiff's motion for a new trial as to him should be reversed and a new trial had.

The judgments and orders should be reversed on the facts and a new trial granted, with costs to abide the event to plaintiff against defendant Findlay and to defendant Beagle against plaintiff.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgments and orders reversed on the facts and a new trial granted, with costs to abide the event to plaintiff against defendant Findlay and to defendant Beagle against plaintiff.