PHILEAS BURGESS, Respondent, v. KARL ESSLER and EARL MCMASTER, Appellants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The evidence presents close questions both as to the defendants' negligence and as to the plaintiff's contributory negligence. The answer of the witness Beardsley to the effect that he made a written statement " the morning after the insurance representative came and questioned me regarding the accident " clearly suggests that the defendant was insured against liability. The answer was stricken out. The court in its charge referred to the incident and instructed the jury as to their duty to disregard it. However, we are unable to find from the record that the suggestion of insurance did not influence the jury in finding a verdict for the plaintiff. (See *Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Gebo* v. *Findlay*, 257 App. Div. 66.) All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ELLIS D. GREENE, as Administrator, etc., of OLAEVIA GREENE, and Individually, Respondent, v. PERCY J. THATCHER and EDITH D. THATCHER, Appellants.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. All concur. (The portion of the order appealed from denies defendants' motion to vacate plaintiff's notice of examination of defendants before trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

STEPHANIA T. NICISZEWSKA, Respondent, v. REMINGTON RAND, INC., Appellant.— Judgments and order so far as appealed from affirmed, with costs. All concur. (The judgments are for plaintiff in an action for damages for personal injuries sustained by reason of negligence in the operation of an electric truck in a factory. The first judgment was for the amount of the verdict and costs. The order denied plaintiff's motion to amend the complaint to conform to the verdict, but denied defendant's motion for a new trial if plaintiff filed a stipulation to vacate the judgment and accept the amount demanded in the complaint. The second judgment was for $25,000 and interest and costs, entered pursuant to a stipulation filed under the alternative order of the court.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

CENTRAL SECURITIES COMPANY, Respondent, v. SETH D. KING, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendant's motion to dismiss the complaint in an action to recover the amount of a deficiency judgment secured in a foreclosure action in Texas.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

SHAUGHNESSY CORPORATION, Respondent, v. JOSEPH D. MILLER and DAVID L. DAVIS, Copartners, Doing Business under the Firm Name and Style of MILLER-DAVIS, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendants' motion for change of place of trial.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.